STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: sforman@tharpe-howell.com
E-Mail: drivera@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANDRADE<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, DOES 1 TO 20<br><br>　　　　　　　Defendants. | Case No.:<br>[*Alameda County Superior Court Case No.: 21CV000710*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**<br><br>Complaint Filed: September 20, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC, contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Alameda to the United States District Court, Northern District of California.  The removal is based, specifically, on the following grounds:

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds

$75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On September 20, 2021, Plaintiff MANUEL ANDRADE commenced the above-entitled civil action in the Superior Court for the County of Alameda by filing a Complaint therein entitled *Manuel Andrade v. Lowe's Home Centers, LLC., et al.,* Case No. 21CV000710. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit "A:"**

    a.    Summons;

    b.    Complaint; and

    c.    Notice of Case Assignment.

4. On February 4, 2022, the Summons, Complaint and Notice of Case Assignment were personally served on Lowe's Home Centers, LLC's agent for service of process.

5. On March 7, 2022, Defendant Lowe's Home Centers, LLC filed its Answer to Plaintiff's Complaint and a Demand for Jury Trial. True and correct copies of Defendant LOWE'S HOME CENTERS, LLC's Answer to Complaint and Demand for Trial by Jury are attached hereto as **Exhibit "B."**

6. The attached exhibits constitute all process, pleadings and orders served upon Defendant LOWE'S HOME CENTERS, LLC in this matter.

## DIVERSITY

**A.** **Citizenship**

7. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens

of different states.

8.     Plaintiff was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California.

9.     Defendant LOWE'S HOME CENTERS, LLC is a limited liability company.  The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members.  Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc.  Lowe's Companies, Inc. is a North Carolina corporation, incorporated in North Carolina with its principal place of business in the State of North Carolina.  Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

10.    Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant.

### B.     Fictitious Does

11.    Defendants DOES 1 to 20, inclusive, are wholly fictitious.  The Complaint does not set forth the identity or status of any said fictitious defendants.  In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C §. 1441(b)(1); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).  Accordingly, the mere fact that the Complaint refers to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

12.    Plaintiff's Complaint sets forth causes of action for negligence and premises liability.  See, **Exhibit "A."**  Plaintiff alleges that on April 7, 2021, Plaintiff delivered various pallets of plywood to Defendant's retail store.  The pallets were located on the trailer of a tractor rig driven by plaintiff.  Plaintiff contends that he

sustained injuries while the plywood was being unloaded.  Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through "other paper," Plaintiff's Statement of Damages, that the amount in controversy exceeds $75,000.[1]  A true and correct copy of Plaintiff's Statement of Damages served on April 14, 2022 is attached hereto as **Exhibit "C."**

13.   Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum.  Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996); see, McPhail v. Deere and Company, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy.").  This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages."  McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also, Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

14.   A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.  A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover.  McPhail, 529 F.3d at 954-55.  "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal."  Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d 540, 543 (7th Cir. 2006); see also, McPhail, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

15.   Where an initial pleading is not removable, a notice of removal can be

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)

filed within 30 days after receipt of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. §1446(b)(3). The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes. A written Statement of Damages constitutes "other paper."

16. The preponderance of the evidence shows that Plaintiff's specific damages claims easily exceed the $75,000 statutory minimum. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

17. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the initial paper, to wit, Plaintiff's Statement of Damages served on April 14, 2022, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(1). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed his Complaint on September 20, 2021.

18. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: May 9, 2022                                THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
DIANA M. RIVERA
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

   | | |
   |---|---|
   | Mark A. Thiel, Esq<br>LAW OFFICES OF MARK A. THIEL<br>3439 Brookside Road, Suite 205<br>Stockton, CA 95219<br>Tel: (209) 951-9600<br>Fax: 209-475-4951<br>Email: mark@matlaw.net | Attorneys for Plaintiff, MANUEL ANDRADE |

5. a. **X** **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date):* See below

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 5/9/2022 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32703\Pleadings\FEDERAL\Removal.docx